# United States District Court
### for the
### Western District of New York



| | |
|---|---|
| United States of America | |
| v. | Case No. 15-MJ-586 |
| MELVIN FRAZIER | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, PATRICK HOFFMAN, the complainant in this case, state that the following is true to the best of my knowledge and belief:

Between in or about October 2013 and July 2014 the exact dates being unknown, in the Western District of New York, the defendant violated offenses described as follows:

did knowingly, willfully and unlawfully agree to conspire with others, known and unknown to distribute 100 grams or more of heroin, a Schedule I controlled substance; and

did knowingly and unlawfully possess with intent to distribute and distribute, 100 grams or more of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

**All in violation of Title 21, United States Code, Section 846.**

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT PATRICK HOFFMAN.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*
SA PATRICK HOFFMAN
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 11, 2015

_____
*Judge's signature*
HONORABLE JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State:  Rochester, New York

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.

MELVIN FRAZIER,

           Defendant.

15-MJ-

**AFFIDAVIT**

STATE OF NEW YORK)
COUNTY OF MONROE)  SS:
CITY OF ROCHESTER )

**I, Patrick Hoffman, affirm to the following facts:**

I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives (hereinafter designated as ATF), and am assigned to the Rochester, New York Field Office. Your affiant is a graduate of the Criminal Investigator School and the ATF National Academy, both located at the Federal Law Enforcement Training Center in Glynco, Georgia. Your affiant has been employed as an ATF Special Agent for approximately 10 years. As part of my professional experience, I have participated in State and Federal investigations involving the illegal possession of firearms and narcotics. Previously, I was employed by the United States Marine Corps as an Infantry Sergeant. I have participated in the service of state and federal search and seizure warrants and have seized or assisted in seizing evidence, including firearms, ammunition, and documents.

1.      This affidavit is submitted in support of a criminal complaint charging Melvin FRAZIER with violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, (Distribution of 100 grams or more of heroin and Conspiracy to distribute 100 grams or more of heroin). The assertions made herein are based upon the personal knowledge of your affiant or upon information your affiant has received from this investigation, including various police reports produced in relation to the arrest of Melvin Frazier, discussions with other law enforcement agents and officers and information derived from confidential sources, all of which are true and correct to the best of my knowledge and belief. Further, I have had discussions with other law enforcement agents who have confirmed the accuracy of the information contained within this affidavit.

2.      Your affiant met with Confidential Source 1 (CS-1) to discuss the drug trafficking activities of Melvin FRAZIER, an individual known to your affiant to transport heroin from New York City to Elmira, New York. CS-1 is currently charged under federal indictment for narcotics and firearm offenses related to the information contained in this affidavit. CS-1 stated he met a black male in Elmira, New York named "Rock" (Melvin FRAZIER) who was selling heroin within the city of Elmira, NY. In approximately September 2013, CS-1 was selling small amounts of heroin for FRAZIER in Elmira, New York. CS-1 stated FRAZIER was also having his girlfriend, Danielle Bowen sell larger amounts heroin in Elmira, New York. According to CS-1, Bowen was arrested by the police while transporting 50 "bundles" of heroin from New York City to Elmira, NY at the direction of FRAZIER. Your affiant confirmed that Bowen was arrested for Possession of a

Controlled Substance on November 22, 2013 in the Town of Nichols by the New York State Police. Your affiant also knows a bundle of heroin is approximately 1 gram and is packaged in 10 smaller separate "decks" of heroin. CS-1 then stated that FRAZIER wanted him/her to replace Bowen and start selling heroin for him in Elmira, New York. At this point CS-1 said he/she went "full time" selling heroin for FRAZIER. CS-1 advised that he/she was receiving approximately 70 to 100 bundles of heroin from FRAZIER at a time. CS-1 would receive this amount once or twice a week for about 8 months. CS-1 stated that he/she was paying $140.00 a bundle. CS-1 advised that he/she would bring FRAZIER $16,000-$20,000 per week in exchange for the heroin. CS-1 advised that he/she knew FRAZIER had a heroin source in New York City and was paying $60.00 a gram for the heroin. CS-1 sold heroin consistently for FRAZIER for a period of approximately 8 months until in or about July 2014.

3. During November 2014 (on a date known to your affiant) members of the Elmira Police Department Drug Enforcement Unit and New York State Police CNET met with CS-2 regarding a narcotics investigation involving FRAZIER. CS-2 agreed to make a controlled purchase from FRAZIER of 16 decks of heroin for $260.00. Prior to the purchase, CS-2 was searched and no contraband was discovered. CS-2 was then provided with $260.00 of agency funds to purchase the heroin. CS-2 was also accompanied by an undercover officer during the transaction. CS-2 purchased the heroin from FRAZIER for $230.00 while the undercover officer also discussed future transactions of crack cocaine and cocaine from FRAZIER. Once the transaction was complete the undercover officer and

CS-2 went back to Elmira Police Department where all narcotics and buy money were turned over to the police and CS-2 was again searched and no contraband was discovered. The substance was field tested and resulted in a positive result for the presence of heroin.

4. During December 2014 (on a date known to your affiant) members of the Elmira Police Department Drug Enforcement Unit and New York State Police CNET met with CS-2 regarding a narcotics investigation involving FRAZIER. CS-2 agreed to make a controlled purchase from FRAZIER of a bundle of heroin for $160.00. Prior to the purchase, CS-2 was searched and no contraband was discovered. CS-2 was then provided with $160.00 of agency funds to purchase the heroin. CS-2 met with FRAZIER and purchased a bundle (10 decks) of heroin for $140.00. Once the transaction was complete CS-2 was driven back to Elmira Police Department by an undercover officer where all narcotics and left over buy money were turned over to the police and CS-4 was again searched and no contraband was discovered. The substance was field tested and resulted in a positive result for the presence of heroin.

5. In December 2014, (on a date known to your affiant) members of the Elmira Police Department Drug Enforcement Unit and New York State Police CNET met with CS-2 regarding a narcotics investigation involving FRAZIER. CS-2 agreed to make a controlled purchase from FRAZIER of a bundle of heroin for $140.00. Prior to the purchase, CS-2 was searched and no contraband was discovered. CS-2 was then provided with $140.00 of agency funds to purchase the heroin. CS-2 met with FRAZIER and purchased a bundle of

heroin for $140.00. Once the transaction was complete, CS-2 was driven back to Elmira Police Department by an undercover officer where all narcotics were turned over to the police and CS-2 was again searched and no contraband was discovered. The substance was field tested and resulted in a positive result for the presence of heroin.

Based on the above information, your affiant submits there is probable cause to believe that between in or about October 2013 and July 2014 in Western Judicial District of New York, the defendant Melvin Frazier violated Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846 (Distribution of 100 grams or more of heroin and Conspiracy to distribute 100 grams or more of heroin).

_____
PATRICK HOFFMAN
Special Agent
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Sworn to and subscribed to before
me this __11__ day of May, 2015

_____
HON. JONATHAN W. FELDMAN
United States Magistrate Judge

5