IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                      15-CR-6102-FPG

MELVIN FRAZIER,

          Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Second Revised Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about October 27, 2016. The PSR differs from the plea agreement for both the criminal history calculation and the drug amount related to the defendant's provable relevant conduct. The government has no objection to the findings in the PSR and adopts the findings of the PSR.

On February 24, 2016, the defendant entered a plea of guilty to Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(Conspiracy to Distribute 100 Grams or More of Heroin). Based upon the plea, Mr. Frazier faces a mandatory minimum sentence of (five) 5 years imprisonment and a maximum possible sentence of forty (40) years imprisonment, a maximum fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of four (4) years and up to life.

In the plea agreement, the parties agreed that the defendant was a career offender and as a result the recommended guideline range was a term of imprisonment of 188-235 months. In fact, the parties agreed specifically to an 11(c)(1)(C) provision in the plea for a sentencing range of 188-235 months.   The belief that the defendant was a career offender was based on two prior convictions:

1) Attempted Murder in the Second Degree in violation of NYS Penal Sections 110/125.25; and

2) Criminal Possession of a Weapon in the Second Degree in violation of NYS Penal Law Section 265.03 (2).

Subsequent to plea of guilty, the government was advised that Possession of a Weapon in the Second Degree under Section 265.03(2) of New York State Penal Law is *not* considered a crime of violence for purposes of determining a defendant's status as a career offender.   The government reviewed the issue and agrees the conviction does not constitute a crime of violence.   Therefore, the defendant is not a career offender and his base offense level is not 34 as was calculated in the plea agreement.   Based on the defendant's prior convictions in the PSR, the defendant's criminal history is **VI**.

The plea agreement calculated the defendant's relevant conduct related to drug distribution to be between 100 and 400 grams of heroin.   The PSR has calculated the defendant's relevant conduct to be approximately 828.80 grams of heroin based on the paperwork provided by the government.   The PSR also included a two-level increase for

possession of a dangerous weapon (firearm) pursuant to USSG 2B1.1(b)(1). The government agrees with Probation's drug calculation in the plea and with the two-level increase for possession of a dangerous weapon.

The government notes that the drug amount stated in the plea is less than the amount in the PSR and also acknowledges that the two-level enhancement was not included the plea. As the parties were convinced the defendant was a career offender at the time the plea was taken, determining the precise drug amount to be included in the relevant conduct and adding the appropriate specific offense characteristics were unnecessary as the ultimate sentencing range (188-235) would not be affected in any way. The parties both voluntarily entered into the plea agreement and agreed that the appropriate range was 188-235 months imprisonment.

The PSR calculates the sentencing guidelines range to be 151-188 months. Since the sentencing guidelines range in the PSR is less than the sentencing guidelines range set forth in the plea agreement, United States v. Lawlor is not implicated in this matter. The fact that the PSR has increased the drug amount and included a two-level specific offense characteristic increase that was not set forth in the plea agreement is immaterial. The government is now requesting a sentence of **188 months** as this period of imprisonment was agreed to by both parties in the plea agreement and is within the current sentencing guideline range set forth in the PSR.

The plea agreement also contained a cooperation provision that stated should the defendant provide substantial assistance to the government, the government would move under Section 5K1.1 to reduce his sentence. At this time, the defendant has not provided substantial assistance and the government will *not* be filing a 5K1.1 motion. Defense counsel has been previously notified of the government's intention not to file such motion.

The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. §3013 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>Asset Forfeiture/Financial Litigation Unit
>U.S. Attorney's Office--WDNY
>138 Delaware Avenue
>Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED: November 14, 2016

                                       Respectfully submitted,

                                       JAMES P. KENNEDY, JR.
                                       ACTING UNITED STATES ATTORNEY
                                       Western District of New York


                         By:    s/Melissa M. Marangola
                                   Melissa M. Marangola
                                   Assistant U.S. Attorney
                                   United States Attorney's Office
                                   100 State Street, Room 500
                                   Rochester, New York 14614
                                   585-399-3925


TO:    Hon. Frank P. Geraci, Jr.
         James Napier, Esq.
         Jennifer Fish, USPO (via hand delivery)