UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Vs                                                                NOTICE OF MOTION
                                                                  15-CR-6102

MELVIN FRAZIER,    defendant

---

| | |
|---|---|
| MOTION BY: | Bryan S. Oathout, Esq., Attorney for Melvin Frazier, Defendant. |
| SUPPORTING PAPERS: | Affidavit of Bryan S. Oathout, Esq. Sworn to November 8, 2017, and Affidavit of Melvin Frazier, sworn to on November 3, 2017 |
| RELIEF REQUESTED: | This is Defendant's motion to withdraw his plea to 21 U.S.C. 846, prior to Sentencing. |

Dated: November 8, 2017
Rochester, NY

Bryan S. Oathout, Esq.
Attorney for the Defendant
30 West Broad Street, Suite 400
Rochester, NY 14614
585-317-2211
bso@bryanoathoutlaw.com

To: Honorable Frank P. Geraci
U.S. District Court Judge
1360 U.S. Courthouse
100 State Street
Rochester, NY 14614

Melissa M. Marangola, Esq.
Assistant United States Attorney
100 State Street, Room 500
Rochester, NY 14614

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Vs                                                                AFFIRMATION
                                                                  15-CR-6102

MELVIN FRAZIER,
                    defendant

STATE OF NEW YORK
COUNTY OF MONROE>ss:

Bryan S. Oathout, being duly sworn, deposes and says as follows:

1. I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant herein.

2. On or about February 10, 2017, I was substituted as counsel for James Napier, Esq. as Attorney for Melvin Frazier, the Defendant.

3. I make this affirmation in support of Melvin Frazier's motion pursuant to Rule 11(d)(2)(b) of the Federal Rules of Criminal Procedure, to withdraw his guilty plea to Count 3 and of the Indictment charging the defendant with a violation of 21 U.S.C. 846 in full satisfaction of the charges against him, and entered by him on February 24, 2016.

4. I am familiar with this case by reason of my investigation into the facts and circumstances surrounding Mr. Frazier's plea, conversations with my client and Assistant U.S. Attorney Melissa M. Marangola, Esq., review of the my client's prior Attorney's file, letters from my client, and other correspondence.

5. The following Exhibits A and B are attached hereto:

    A. Affidavit of Melvin Frazier, sworn to November 3, 2017;

    B. Melvin Frazier's Letters to Judge Frank P. Geraci on October 11, 2016 and thereafter.

The following exhibits are not attached but reference in this motion and the defendant requests the court consider them as part of this motion:

    C. Plea agreement of Melvin Frazier; and

    D. Statement with respect to sentencing factors filed by the Government

6. A defendant's right to withdraw his plea before sentencing is governed by Federal Rule of Criminal Procedure 11(d)(2)(B), Pursuant to the rule, a defendant may move to withdraw his plea if he can show a "fair and just reason for requesting the withdrawal." Motions to withdraw prior to sentencing should be liberally granted. *See United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). The Second Circuit has "adopted a standard of strict adherence to Rule 11", and therefore must "examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights has been compromised." *United States v. Livorsi*, 180 F3d 76, 78 (2d Cir. 1999), quoting *United States v. Lora*, 895 F.2d 878, 880 (2d Cir. 1990).

7. A defendant has "no absolute right to withdraw his guilty plea." *United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994). Moreover, the defendant "bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992).

8. Courts can also look as to whether the defendant has "raised a significant question about the voluntariness of the original plea." *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

9. It is respectfully submitted that the facts and circumstances of this case demonstrate the defendant has fair and just reasons for withdrawal of his previously entered guilty plea:

**Voluntariness of Defendant's Original Plea**

10. "The right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). Strickland, 466 U.S. at 687-96, 104 S.Ct. 2052. "An accused who has not received effective assistance from counsel in deciding to plead guilty cannot be bound by that plea because a plea of guilty is valid only if made intelligently and voluntary." *Ventura v. Meachum*, 957 F2d 1048, 1058 (2d Cir. 1992). Ineffective assistance of counsel "may render a guilty plea involuntary, and hence invalid." *Id.* An "accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea because a plea of guilty is valid only if made intelligently and voluntarily." United States v. George, 869 F2d 333, 335-36 (7th Cir. 1989); Downs-Morgan v. United States, 765 F.2d 1534, 1538 (11th Cir. 1985).

11. Claims of ineffective assistance of counsel should be initially raised before trial or sentencing. If the Court fails to make adequate findings regarding the defendant's claim, the conviction must be reversed or remanded. Federal Courts have evaluated a defendant's claim that his guilty plea was involuntary or unknowing due to ineffective assistance of counsel using the framework established in *Strickland v. Washington*, 466

U.S. 668 (1994); *see also United States v. Hernandez*, 242 F3d 110, 112 (2d Cir 2001) (per curiam); *citing Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). Under this standard, a defendant must establish first that "counsel's representation fell below an objective standard of reasonableness." *Hernandez*, 242 F3d at 112). Secondly, the defendant "must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Hernandez*, 242 F3d at 112.

12.     The defendant submits he received ineffective assistance of counsel from his previous Attorney's in that his prior attorney advised the defendant he was a career offender and advised the defendant to take a plea and enter into a plea agreement with the government based on the inaccurate information his counsel gave him.

13.     The defendant was charged by 6 count indictment on July 14, 2015. On February 24, 2016, the defendant entered into a plea agreement by which he pled guilty to count 3 of the indictment, charging him with conspiracy to possess with intent to distribute 100 grams or more of heroin, pursuant to 21 USC 846, in full satisfaction of the charges.

14.     The plea agreement indicated that the defendant was a Career Offender as defined in USSG 4B1.1(b)(2), due in part to a prior felony conviction for Criminal Possession of a Weapon in the Second Degree from September 18, 2006. Based upon that indication that the defendant was a Career Offender, the defendant's base offense level increased to a level 34 and his Criminal History increased to a level 6. With this understanding, the plea agreement called for a sentence guideline range of 188-235 months in the Bureau of Prisons. Sentencing was set for May 31, 2016. The defendant was advised by his prior counsel that he was in fact a career offender and should take the plea. The defendant took

the plea on February 24, 2016. The Presentence Investigation Report, prepared April 13, 2016, further indicated that the defendant was a career offender.

15.   Thereafter, the defendant discovered that he was not a Career Offender under Federal Law because Mr. Frazier's conviction for Criminal Possession of a Weapon in the Second Degree in 2006 is not considered a Crime of Violence, pursuant to the 2nd Circuits decision in *United States v. Santos Gomez*, 577 F.3d 394 (2009), case law established approximately 6-7 years prior to the defendants plea agreement where the 2nd Circuit court found that the district court's determination that the defendant was a career offender based on his prior conviction for Criminal Possession of a Weapon in the Second Degree was plain error and such error " seriously affects the fairness, integrity or public reputation of judicial proceedings." *See Santos Gamez, Id*. The 2nd Circuit found that because the error resulted in a "significantly overstated advisory guidelines range, such error seriously affected the fairness and integrity of the proceedings." *Id.*

16.   Mr. Frazier thus does not have a second predicate conviction for which he could be deemed a career offender. The defendant wrote a letter to the Court on October 11, 2016, and another letter thereafter (both attached) in which he stated that he believed he had received the ineffective assistance of counsel and wished to withdraw his plea of guilty. The Presentence Investigation Report was revised on both October 12, 2016 and October 27, 2016 to reflect the fact that Mr. Frazier was not in fact a career offender.

17.   Had Mr. Frazier been advised correctly that he was not in fact a career offender, the defendant's base offense level for his conviction would have been 24 and his criminal history, as per the plea agreement, would have been a category VI. The defendant, pursuant to the plea agreement, was to be given 3 points for acceptance of responsibility.

No other up offense level increases or decreases were contemplated in the plea agreement. Thus without the erroneous advice that the defendant was a Career Offender, the defendant would be looking at a total offense level of 21 and a criminal history level of VI, for a sentence guideline range of 77-96 months in the Bureau of Prisons, as opposed to the 188-235 months contemplated in the plea agreement. Such a disparity in the defendant's sentence guideline range seriously affects the fairness and integrity of the judicial proceedings here.

18. The defendant submits that but for his prior counsel's ineffective assistance in indicating the defendant was a career offender, the defendant would not have pled guilty to Count 3 and agreed to a plea agreement of 188-235 months in the Bureau of Prison.

19. The defendant has a right to effective assistance of counsel during plea negotiations. *See Lafler v. Cooper*, 132 S.Ct 1376, 1387 (2012); *See also Strickland v. Washington, Supra*; *See United States v. Couto*, 311 F.3d 179, 187 2d Cir. 2002). Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty. *See Couto at* 185 (*citing United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997)).

20. Here, the defendant clearly received incorrect legal advice from his prior counsel, and but for that incorrect legal advice, the defendant would not have taken the plea to count 3 with a guideline range of 188-235 months in the Bureau of Prison. The defendant submits the outcome of the plea process would have been different with competent advice. The defendant would not have rationally pled guilty and agree to a sentence range

of 188-235 months in the Bureau of Prisons but for his prior counsels legal advice. Had the defendant been advised accurately as to his actual guideline range, the defendant would not have pled guilty and entered into this illegal plea agreement.

21. It would be error for the Court to accept the plea agreement and sentence the defendant as a career offender and bind the defendant to the plea agreement entered into by Mr. Frazier on February 24, 2016. It is a gross miscarriage of justice in allowing the defendant to be erroneously designated as a career offender. *See Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) (Dissent). *In United States v. Wenner, 351 F.3d 969, 973* (9th Cir. 2003), the Court of Appeals reversed a District Courts decision that found the defendants prior state felony convictions enhanced his base offense level for sentencing purposes, and remanded back to the District Court for resentencing. This same reasoning would apply were the court to go forward with the plea agreement entered into by Mr. Frazier.

22. In addition to the above arguments, the defendant submits that his plea agreement should be withdrawn in that:

a. The defendant was not advised that the Pre-Sentence Investigation Report would include offense level enhancements that could be potentially used against him at sentencing, including but not limited to: a 4 point increase to his base offense level for probations determination of the alleged amount of heroin possessed; a 2 point level increase for possession of a dangerous weapon, pursuant to USSG 2b1.1(B)(1); and a 2 point level increase adjustment for role in the offense under USSG 3B1.1(c) if he was later determined not to be a career offender;

b. The government has breached its duties under the plea agreement by now arguing that the defendant receives a sentence of 188 months based on probations calculations of the defendant's offense level and criminal history. "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement" and "any ambiguity should be resolved against the government." *United States v. Miller*, 993 F.2d 16, 20 (2d Cir. 1992). Moreover, "because plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutors to the most meticulous standards of both promise and performance." *United States v. Velez Carrero*, 77 F.3d 11,11 (1st Cir. 1996).

As indicated previously, if the defendant was correctly advised by counsel as to him not being a career offender, the defendants actual guideline range would be 77-96 months under the agreed upon plea agreement. The government is arguing for a sentence of 188 months. Contrary to the Governments position in its statement of sentencing factors dated November 14, 2016, the defendant argues *United States v. Lawlor*, (2d Cir. 1999) is implicated because the government is essentially arguing that probations calculations regarding enhancements not agreed to in the plea agreement apply, because without said enhancements, the guideline range would be 77-96, not the 151-188 proposed by probation. The remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement. *See United States v. Brody,* 808 F.2d 944, 948 (2d Cir. 1986). Mr. Frazier specifically requests that the Court allow him to withdraw his plea of guilty.

## Request from the Court

WHEREFORE, the defendant, Melvin Frazier, respectfully requests this Court grant the motion to withdraw his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), and for such other and further relief as the Court may deem just and proper.

Dated: November 8, 2017
Rochester, New York

                                      Respectfully submitted,

                                      /s/Bryan S. Oathout
                                      Bryan S. Oathout, Esq.
                                      30 West Broad Street, Suite 400
                                      Rochester, New York 14614
                                      bso@bryanoathoutlaw.com
                                      Attorney for Melvin Frazier

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Vs                                                                NOTICE OF MOTION
                                                                  15-CR-6102

MELVIN FRAZIER,    defendant

---

### CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2017, I filed the foregoing with the Clerk of the District Court and to the following:

1. Melissa Marangola, AUSA

/s/Bryan S. Oathout
Bryan S. Oathout
Attorney for Defendant
30 West Broad Street, Suite 400
Rochester, NY 14614
585-317-2211
bso@bryanoathoutlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA                    15-CR-6102

-vs-                                        AFFIDAVIT

MELVIN FRAZIER

STATE OF NEW YORK )
COUNTY OF STEUBEN) SS:

Melvin Frazier, being duly sworn, deposes and says:

1. I am the defendant in the above captioned criminal action, and I make this affidavit in support of my motion to withdraw my plea of guilty, entered in the U.S. District Court for the Western District of New York on February 24, 2016, before District Court Judge Frank Geraci.

2. On July 14, 2015, I was indicted by a Grand Jury on a 6 count indictment in Federal Court.

3. I was represented by assigned counsel James A. Napier, Esq. from approximately May 11, 2015 until February 15, 2017.

4. That upon meeting with Mr. Napier, I informed him that I wished to proceed to trial on the charges brought against me.

5. That I subsequently had numerous discussions with Mr. Napier in which Mr. Napier informed me I was considered a "Career Offender" for sentencing purposes. That Mr. Napier indicated to me that I needed to take a plea or that I could receive life in

-1-

prison.

6. On February 24, 2016, I entered into a plea agreement and plea before the Honorable Frank Geraci with an agreed upon guideline range of 188-235 months in the Bureau of Prisons. This plea was entered into by me because I was told by my prior counsel that I was a Career Offender. Mr. Napier came very late that morning and I wasn't able to speak to him prior to my plea.

7. That after taking my plea, I discovered on my own that I was not in fact a Career Offender in Federal Court and that my guideline range was thus much less than previously indicated to me by Mr. Napier.

8. That I requested from Mr. Napier my presentence investigation report from probation on multiple occasions but did not receive it until August of 2016, 5 months after my plea.

9. That I further didn't receive my plea agreement from Mr. Napier until December of 2016, some 10 months after my plea.

10. On February 15, 2017, the Court granted my application for new counsel and Attorney Bryan S. Oathout, Esq. was assigned to represent me.

11. I have discussed my motion to withdraw my plea with my new attorney, Bryan S. Oathout. I know that I will only be allowed to withdraw my plea if I have a fair and just reason. I believe I do have a fair and just reason.

12. The reason I want to withdraw my plea is as follows:
That I was given incorrect information by my Counsel James Napier that I was a "Career Offender" for Federal Sentencing purposes when I am not considered a career offender based on my prior convictions. I had questioned Mr. Napier as to whether I was a Career

Offender on numerous occasions and Mr. Napier insisted that I was. I later found out that I am not a career offender and thus my guideline range was much lower than Mr. Napier told me. Had Mr. Napier given me correct legal advice, I would not have entered into the plea I took on February 24, 2016 and would have proceeded to trial. I would not have entered into a plea if I had been given correct legal advice that I was not a Career Offender.

13. For all of the above reasons, I ask this Court to grant my request and allow me to withdraw my plea of guilty to count 3 of the indictment against me.

_Melvin Frazier_
Melvin Frazier

Sworn to before me this
3rd Day of Nov., 2017.

Notary Public

[Notary Seal: VINCENT FANZO JR., NOTARY PUBLIC, NO. 01FA6218934, QUALIFIED IN STEUBEN COUNTY, COMM. EXP. 03/15/2018, STATE OF NEW YORK]

~3~

## NAPIER & NAPIER

ATTORNEYS & COUNSELORS AT LAW

500 EXECUTIVE OFFICE BUILDING

36 WEST MAIN STREET

ROCHESTER, NEW YORK 14614-1790

ROBERT A. NAPIER
JAMES A. NAPIER

ROBERT C. NAPIER
(1921-1986)

OF COUNSEL TO
CULLEY, MARKS, TANENBAUM
& PEZZULO, LLP
ATTORNEYS AT LAW

(585) 232-4474

FAX (585) 232-5368

(FAX NOT FOR SERVICE)

August 22, 2016

1st

Yates County Jail
Attn: Melvin Frazier, Inmate
227 Main St.
Penn Yan, NY 14527

Re: Melvin Frazier

Dear Melvin:

Enclosed please find your Presentence Report which you should review.

Please contact me after you have reviewed.

Thank you.

Very truly yours,

James A. Napier, Esq

CC:

10-11-16

Dear Hon. Frank P. Geraci, Jr.,

    I am writing you concerning my most recent court appearance on Febuary 24, 2016. During that hearing my plea was changed to guilty and I would now like to withdraw my plea. I feel that I've recieved an ineffective assistance of councel and I did not fully understand all of the implications of my plea agreement. I was first presented with my plea agreement by my attorney, James A. Napier, in early Febuary of 2016. He spent about 15 minutes reading the parts of the plea agreement that he thought were important. During this 15 minutes I never physically held the plea agreement to review for myself. My attorney stated he would mail me a copy of the agreement so I could further review and consider it. About 2 weeks later, on Febuary 24, 2016, I was set to appear in court to change my plea. As the date came, I still never recieved my plea agreement in the mail and I was not prepared to accept it. On Febuary 24, 2016, my attorney showed up to court late and pressured me into signing the agreement, without further review, due to time constraints. He also advised me to say yes to all of your questions as you personally addressed me. He placed an emphasis on me agreeing to the facual basis. In all of my uncertainty and confusion, I followed his directions and signed the agreement. A few months later, in early April, I met with the probation department to complete my Presentence Investigation Report. I did not recieve this report until August 22, 2016 and in reviewing it, I found many flaws and details of my agreement that I was unaware of before. To this date, I have still not recieved my plea agreement and I feel as though I was pressured into a bad decision. I would like to proceed with my case, as I originally intended, by going to trial. I have a very important piece of evidence that I believe would be favorable to me. I have presented this evidence to my attorney and he insisted that cooperating and making a plea deal is my only option. I would like to work with a new attorney who can better assist me and I would like to take my case to trial. I ask that you please consider my request and help me find a resolution. Thank You.

Sincerely,

Melvin L. Frazier

Sworn to before me this 25th day of October 2016.

Notary

Dear Hon. Frank P. Geraci, Jr.,

    I wrote the attached letter to you in October 2016, but I've been hesitant to send it. I have been trying to work with my attorney to find common ground. I recieved a copy of my plea agreement in mid December 2016 and after thouroughly reviewing it, I would still like to take my plea back. I have expressed my concerns to my attorney and he has not taken any action. I feel I have a fair and just reason to withdraw my plea and I am still asking that you appoint me a new attorney who can better assist me with my case. Thank you for considering my request.

                                          Sincerely,

                                          Melvin L. Frazier