IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | 15-CR-6102 FPG |
| -vs- | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |
| MELVIN FRAZIER, | |
| Defendant. | |

---

The United States of America, through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Melissa M. Marangola, Assistant United States Attorney, of counsel, hereby makes and files its response to the motion of defendant Melvin Frazier to withdraw his guilty plea.

**FACTUAL AND PROCEDURAL BACKGROUND**

**Frazier's Plea Hearing: February 24, 2016**

At the beginning of the plea hearing conducted on February 24, 2016, then 41-year-old Frazier acknowledged that it was his intent to plead guilty to conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin.[1]  [Plea Tr. 4].   The Court

---

[1] Citations preceded by "Plea Tr. _" designate pages of the Transcript of the Plea Hearing conducted February 24, 2016, attached hereto as Exhibit A.

1

advised Frazier, that it was going to place Frazier under oath and ask Frazier a series of questions related to his plea agreement. Frazier acknowledged his understanding and was then placed under oath and the sworn plea colloquy ensued. [Plea Tr. 2].

The Court took care to describe the terms of the plea agreement, explained them to Frazier, and insured his understanding of each of them. [Plea Tr. 4-13]. The Court reviewed the statutory minimum and maximum penalties, 5 years to 40 years imprisonment [Plea Tr. 5], the Guidelines sentencing range [Plea Tr. 9-10], the Rule 11(c)(1)(C) agreement to a sentence of 188-235 months imprisonment [Plea Tr. 10], and the appeal and collateral attack waiver [Plea Tr. 12].

> THE COURT: If, in fact, the Court imposed a sentence between the guidelines of 188 months and 235 months or less, do you understand you're waiving your right to appeal that sentence?
>
> THE DEFENDANT: Yes.
>
> [Plea Tr. 12, lines 21-24].

The Court reviewed the elements of the conspiracy charge to which the defendant agreed to plead guilty, including the element that at least 100 grams or more of heroin was involved within the scope of the conspiracy, and the defendant confirmed his understanding of these elements. [Plea Tr. 5-6]. The Court also reviewed the factual basis of the plea agreement with Frazier, who confirmed its accuracy. [Plea Tr. 7].

The Court ensured the defendant knew the terms of the plea and had the ability to ask questions if he needed to.

>THE COURT: Is there anything about the agreement in total that you don't understand or want to ask your attorney?
>
>THE DEFENDANT: No.
>
>THE COURT: Do you have any questions of the Court?
>
>THE DEFENDANT: Not at this time.

[Plea Tr. 13, lines 20-25].

The Court asked Frazier if he would sign the plea agreement acknowledging his understanding of it and the defendant signed the agreement. [Plea Tr. 14]. Frazier then pled guilty to conspiracy to possess with intent to distribute and distribute 100 grams or more of heroin. [Plea Tr. 14-15].

At no point during the entire plea hearing did Frazier indicate that he did not engage in any conspiracy, did not understand any consequences of entering his guilty plea, did not review the plea agreement with his attorney or that he was not entering into the plea voluntarily. In fact, when questioned by the Court, the defendant said the opposite.

>THE COURT: Is anybody forcing you, coercing you, or threatening you to enter a plea of guilty?
>
>THE DEFENDANT: No.

      THE COURT:      Have you had a chance to review this plea agreement prior to today with your attorney, Mr. Napier?

      THE DEFENDANT:      Yes.

      THE COURT:      Are you satisfied with his representations?

      THE DEFENDANT:      Yes.

[Plea Tr. 3, lines 10-18].

**<u>Frazier Grouses About His Attorney</u>**

On October 25, 2016, eight months after Frazier pled guilty, Frazier sent a letter to the Court asking for a new attorney and to withdraw his guilty plea. On February 9, 2017, Mr. Napier advised the Court that Frazier would like a new attorney. The Court granted the request and Brian Oathout was assigned as new counsel on or about February 25, 2017. The matter was adjourned for Frazier to advise the Court whether he did, in fact, wish to withdraw his plea.

**<u>Motion to Withdraw Guilty Plea: November 8, 2017</u>**

On November 8, 2017, the defendant filed a motion to withdraw his plea. (Docket #58, Motion to Withdraw Plea). In his motion, Frazier seeks to withdraw his plea on the ground that he was denied effective assistance of counsel. Frazier claims Napier was

ineffective in determining the defendant's criminal history category which resulted in a miscalculation of the sentencing guidelines range.

## ARGUMENT

Frazier should not be permitted to withdraw his guilty plea because he was not deprived his constitutional right to the effective assistance of counsel. Frazier's attorney, James Napier, negotiated a disposition for Frazier that allowed him to plead guilty to only one count in the Indictment and with a cooperation provision that provided Frazier the opportunity for a reduced sentence.

Melvin Frazier pled guilty only after this Court took great pains to insure he understood what he was doing, was aware of, had weighed the consequences of accepting the plea or proceeding to trial, and was pleading of his own free will. At no point during the plea - even after this Court gave Frazier every chance to raise any concerns or questions – did Frazier ever claim that he did not know what he was doing, or was innocent of the conspiracy charge to which he pled guilty. Frazier's present claims are completely contradicted by Frazier's presumptively truthful admissions under oath at the plea hearing that, among other things, he read the entire agreement, understood he was pleading guilty to conspiracy, and that he was, in fact, guilty of participating in a drug conspiracy. Frazier is not trying to get out of his plea agreement because he's innocent. He is trying to extract himself from his plea agreement because he feels, perhaps based on legal advice from a fellow inmate, that he is in

a position to obtain a lesser sentence in this case because his criminal history category was incorrectly calculated in this case. Unfortunately for Frazier, a guidelines miscalculation is not a fair or just reason to withdraw a knowing and intelligent guilty plea in federal court, particularly when the error is to his benefit and he is now facing a lesser sentence than he was originally facing at the time he entered his guilty plea.

**A.    Applicable Law**

"A guilty plea is no mere formality, but a 'grave and solemn act.'" *United States v. Arteca*, 411 F.3d 315, 319 (2d Cir. 2005), quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997). "Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997). That is why "[a] defendant has no absolute right to withdraw his guilty plea." *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001), quoting *United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994). "Instead, the defendant bears the burden of showing that [withdrawal] should be granted." *Hirsch*, 239 F.3d at 225 (citation omitted).

A district court may permit a defendant to withdraw his plea of guilty prior to sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Proc. 11(d)(2)(B). To determine whether the defendant has shown a "fair and

just reason" to justify withdrawal, a district court generally should consider, among other things: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by the withdrawal of the plea." *United States v. Schmidt*, 373 F.3d 100, 102-103 (2d Cir. 2004); *accord United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). A court should consider the potential prejudice to the Government "only if the defendant has set forth sufficient grounds to withdraw the plea." *United States v. Hirsch*, 239 F.3d at 225; *see United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (no prejudice required "where the defendant has shown no sufficient grounds for permitting withdrawal.").

A defendant alleging ineffective assistance in the context of a guilty plea must demonstrate that counsel's deficient performance undermines that voluntary and intelligent nature of a defendant's decision to plead guilty. *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). A guilty plea "is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). As noted above, evidence from Frazier's plea colloquy provides assurance that his plea was knowing and entirely voluntary.

Frazier must also show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v.*

*Lockhart*, 474 U.S. 52 (1985). "A criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity ... and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) (citation omitted). In fact, testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001). Therefore, in denying a motion to withdraw a plea, a district court may "rely on a defendant's in-court sworn statements that he 'understood the consequences of his plea, had discussed the plea with his attorney, [and] knew that he could not withdraw his plea." *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009), quoting *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001).

The standard for withdrawing a guilty plea is a stringent one (*United States v. Schmidt*, 373 F.3d at 102-103), "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient[.]" *United States v. Hirsch*, 239 F.3d at 225 (inner quotation marks and citation omitted). Ultimately, it is the defendant who bears the burden of demonstrating valid grounds for withdrawal. *United States v. Gonzalez*, 970 F.2d at 1100.

**B.    Discussion**

Melvin Frazier has failed to establish any legitimate reason to justify the withdrawal of his guilty plea. Under the above standard, the Court should deny Frazier's motion to withdraw his guilty plea.

### 1.    Melvin Frazier is clearly not innocent, nor does he make any showing of legal innocence.

In his motion to withdraw the plea, Frazier fails to establish legal innocence. Frazier does not argue this in his motion or his personally typed letter to the Court on October 25, 2016. He suggests in his letter that he has a "piece of evidence" that he believes would be favorable to him. He allegedly presented this evidence to Napier prior to his plea of guilty but that Napier advised him that a plea was in his best interest. (Docket 58, Letter Attachment to Defendant's Motion to Withdraw). In the letter, Frazier is not arguing innocence; he simply states he has evidence he believes will potentially refute the government's evidence against him at trial. However, a defendant who pleads guilty is convicted and sentenced according to the plea and not upon the evidence. *Brady v. United States*, 397 U.S 742, 750 (1970).

In any event, any suggestion of legal innocence is squarely refuted by the defendant's contradictory sworn testimony at the plea hearing. Frazier acknowledged the accuracy of the factual basis sections of the plea agreement, which outlined his actions:

9

  THE COURT: Next, I'm going to discuss what the Government alleges is your involvement in this criminal activity.  Tell me if you agree with this.  This indicates that between September 2013 and July 2014, in the City of Elmira, Chemung County, which is within the Western District of New York and elsewhere, that you the defendant, Melvin Frazier, did knowingly, willfully and unlawfully conspire and agree with others to possess with intent to distribute an to distribute 100 grams or more of heroin, which is a Schedule I controlled substance. Do you agree with that?

  THE DEFENDANT: Yes.

  THE COURT: That your specific involvement included among other things, the purchase of large quantities of heroin in New York City, arranging for transportation to the Elmira area, packaging and processing of heroin, and direct distribution of heroin to others.  Is that also correct?

  THE DEFENDANT: Yes.

  THE COURT: And that you understood that the goal or aim of the conspiracy and agreement that you were involved in was to unlawfully sell the controlled substance, specifically heroin, for profit; is that correct?

  THE DEFENDANT: Yes.

  THE COURT: That there was at least 100 grams, but less than 400 grams of heroin as the amount involved in relevant conduct.  Is that also correct?

  THE DEFENDANT: Yes

[Plea Tr. pg. 6, line 18- pg. 7, line 19.]; *see also* Plea Agreement ¶ 4a-4b (Government Exhibit B).

Frazier was asked how he pleads to count 3 of the Indictment, conspiracy "to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing heroin", and Frazier replied, "guilty". [Plea Tr. 15].

There is a strong presumption of verity that attaches to these repeated, unequivocal admissions of guilt by Frazier at his plea allocution, which cannot be rebutted later by his current contradictory and self-serving statement that he did not know the ramifications of his plea. *United States v. Hirsch*, 239 F.3d at 225; *United States v. Gonzalez*, 970 F.2d at 1101.

In addition to Frazier's presumptively truthful sworn admissions of guilt, there is overwhelming evidence of Frazier's actual guilt. Undercover officers conducted three controlled purchases of heroin directly from the defendant. Several co-conspirators advised law enforcement that they received heroin directly from the defendant and sold it to customers in Elmira, New York. One of the defendant's drug employees was arrested by law enforcement while transporting heroin from New York City to Elmira, New York at the direction of the defendant. Several other witnesses have testified under oath to selling the defendant guns so that Frazier could sell them in New York City for a large profit. At least one of the firearms sold to the defendant was recovered in New York City, in close proximity to the defendant's place of residence. Additionally, in his proffer, Frazier confirmed his involvement in heroin distribution. Thus, Frazier's sworn statements during his plea colloquy, the proof of the charges against him, as well as his admissions during his proffer session eliminate any claim (if one were actually made) of actual legal innocence of the narcotics conspiracy charge to which he pled guilty.

## 2. Frazier's 9-month delay in filing his motion severely undermines its validity.

Frazier entered his guilty plea February 24, 2016 and waited approximately 9 months (November 8, 2017) to file the motion to withdraw his plea. The fact that Frazier waited several months after his guilty plea was entered to attempt to withdraw his plea is telling. Such an extended length of time "severely undercuts [Frazier's] argument that he pleaded guilty involuntarily." *United States v. Doe*, 537 F.3d at 211 (citations and inner quotation marks omitted). The Second Circuit has held that shorter time periods support denial of the motion. *See id.* (five months); *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000) ("almost five months"); *United States v. Torres*, 129 F.3d 710, 714 (2d Cir. 1997) (three months before defendant stated his intention to withdraw plea, and did not file motion to withdraw until seven months after plea).

Frazier is not trying to withdraw his plea because he is innocent of the conspiracy charge, uniformed of the consequences of the plea agreement, or denied the effective assistance of counsel. He is doing so simply to avoid the natural consequences of the agreement that he knowingly, intelligently and voluntarily entered. However, "[t]he fact that a defendant has a change of heart prompted by his reevaluation of ... the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d at 1100. Permitting him to withdraw from that agreement under these circumstances would be neither fair nor just.

### 3.  Frazier was not denied effective assistance of counsel.

Frazier states he was misinformed by Napier, who told Frazier that he was a *career offender* based on his prior convictions for Attempted Murder and Criminal Possession of a Weapon in the Second Degree. The defendant claims that he pled guilty only because he believed that he was a career offender and Napier told Frazier it was in his best interest to plead guilty. The defendant pled guilty with an expected guidelines range of 188-235 months. Based on the pre-trial services report, the defendant now faces a reduced recommended sentencing range of 151-188. The defendant is in a better position now than he was at the time he entered into the guilty plea. Therefore, his claim of outrage and remorse over his guilty plea based on the new sentencing range defies logic and reason.

It seems the defendant believes, since he is not a career offender that he is entitled to a plea with a recommended sentencing guidelines range of 77-96 months and is frustrated that the probation department and the government are not in agreement with him on this point. The defendant's claim that his guideline range should be 77-96 is unsupported and based on a misunderstanding of the sentencing guidelines. To be clear, had the parties known the defendant was not a career offender at the time of his plea, he would have *never* been offered a plea agreement with a recommended a guideline range of 77-96.

The defendant's belief seems to be based on the fact that the government did not include any specific guideline enhancements in the original plea agreement that are now contained in the PSR. Applicable enhancements and role adjustments are routinely withheld from plea agreements involving career offenders because they are irrelevant for determining a sentencing range in those instances.

That is the only reason the specific enhancements and role adjustments included in the PSR were not originally included in the plea agreement. Had the parties known that the defendant was not a career offender, the government would have calculated the guidelines exactly as they were calculated by the probation department here, with a guidelines range of 151-188. The facts of this case involve the defendant purchasing over 15 stolen firearms from federal defendants, Zachary Smith and Douglas Church through a middleman, Terrance Decker. The defendant purchased these firearms in Elmira, New York and transported them to New York City, where he sold them for a large profit. Accordingly, 2b1.1(B)(1) would have been included in any agreement where the defendant was not calculated to be a career offender. The defendant also transported large amounts of heroin from New York City to Elmira, New York and gave them to several drug distributors who worked for him, including Terrance Decker. Accordingly, the plea agreement would have included an adjustment pursuant to 3B1.1(c) for the defendant's role in the offense. The government also would have calculated the defendant's drug sales to be the same as the probation department, which would result in a guidelines range of 151-188 months.

A miscalculation of the sentencing guidelines range alone is insufficient to find ineffective assistance of counsel, especially given the fact that the defendant was properly advised by the Court of the sentencing possibilities of the crime to which he pled guilty. *U.S. v. Arteca*, 411 F.3d 315, (2d. Cir 2005). *See Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) (rejecting claim that defendant misled about sentencing possibilities in light of plea colloquy); *See United States v. Haywood*, 182 F.3d 901 (2d Cir. 1999) (no prejudice to defendant where, even if counsel improperly advised about an aspect of plea agreement, Court accurately explained the terms to the defendant and insuring his understanding).

Here, at the time of the plea, the defendant knew he was facing a mandatory minimum sentence of 5 years imprisonment and a maximum sentence of 40 years imprisonment.

THE COURT:  Do you understand that charge carries a minimum term of imprisonment of five years, and a maximum term of imprisonment of 40 years?

THE DEFENDANT: Yes.

[Plea Tr. p. 5]

Frazier also acknowledged through signing the plea agreement that he understood the Court was not bound by the sentencing guidelines contained within the plea agreement.

"The defendant understands that, except as set forth in ¶ 10 above, the Court is not bound to accept any Sentencing Guidelines calculations and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court." (Plea agreement ¶ 13).

Frazier knew the maximum penalties he faced because of the plea, he reviewed the plea agreement with Napier and voluntarily entered into the plea agreement understanding all of the terms and conditions of the plea. Accordingly, denial of Frazier's motion is appropriate because despite the Court explicitly and repeatedly giving Frazier the opportunity to do so, there was a "complete failure to raise any concerns with the court about [the issues he now seeks to use as a basis to withdraw the guilty plea]." *United States v. Torres*, 129 F.3d at 716 (2d Cir. 1997); *see United States v. Carreto*, 583 F.3d at 157-58.

The Court should reject Frazier's current and contradictory statements over those under oath at his plea hearing because "[a] criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity ... and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d at 723 (citation omitted); *accord United States v. Juncal*, 245 F.3d at 171; *United States v. Hirsch*, 239 F.3d at 225; *United States v. Gonzalez*, 970 F.2d at 1101. Accordingly, Frazier's statements during the plea colloquy that he understood the agreement [Plea Tr 13] and had discussed it with his attorney [Plea Tr 3], *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009) ("The district court can also rely on a defendant's in-court sworn statements that he 'understood the consequences of his plea, had discussed the plea with his attorney, [and] knew that he could not withdraw the plea.'"), quoting *United States v. Hernandez*, 242 F.3d at 112.

Frazier's claim that he would have taken this matter to trial if he were not a career offender is incredible.  The evidence against him for the charges in the indictment is strong and the defendant proffered with government agents, admitting his guilt in the narcotics conspiracy.  Given his criminal history including a conviction for Attempted Murder and Criminal Possession of a Weapon, it is plausible the defendant would have received a maximum sentence after a trial.  He points to nothing that credibly establishes that he otherwise would not have entered that disposition.

## **CONCLUSION**

For the reasons specified herein, defendant's motion to withdraw his guilty plea should be denied.

Dated:   Rochester, New York, December 14, 2017.

JAMES P. KENNEDY, JR.
United States Attorney

BY:   s/Melissa M. Marangola
MELISSA M. MARANGOLA
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Room 500
Rochester, New York 14614
(585) 399-3925
melissa.marangola@usdoj.gov

TO:   Byran Oathout, Esq.
Jessica Rider, U.S.P.O.