UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                                            Case # 15-CR-6102-FPG

v.

                                                                            DECISION ON FINDINGS OF FACT

MELVIN FRAZIER,

                        Defendant.

## INTRODUCTION

On April 24, 2018, the Court conducted a sentencing hearing with Defendant Melvin Frazier and witness Terry Decker. ECF No. 70. Before the hearing, the Court was advised that Decker indicated that previous statements he made implicating Defendant in a drug conspiracy were false. Decker and Defendant testified at the hearing and the Court received four exhibits into evidence. Based upon those proceedings, the Court makes the following findings of fact.

## FINDINGS OF FACT

In 2014, the government charged Decker with conspiracy to unlawfully steal, possess, and deal firearms, possession of stolen firearms, and dealing in firearms without a license. *See* Case # 14-CR-6133-FPG at ECF No. 1. After Decker was indicted, he agreed to cooperate with the government to receive sentencing leniency. This cooperation included proffers with the government and testifying before the United States Grand Jury.

On July 15, 2015, Decker pled guilty to Counts One and Three of the Indictment. *See id.* at ECF No. 52. On June 13, 2016, the Court sentenced him to 46 months incarceration and three years of supervised release. *Id.* at ECF No. 79.

On February 27, 2015, Decker and his attorney, Joel Krane, met with ATF Special Agent Patrick Hoffman and Assistant United States Attorney Melissa Marangola. During that proffer, Decker indicated that he met Defendant in Elmira, New York and agreed to sell heroin for him. Decker received approximately 70 to 100 bundles of heroin for Defendant once or twice a month for about eight months at $140.00 per bundle. Decker also advised federal authorities that he and Defendant met Douglas Church, who was involved in the burglary of Scott's Gun Store. Decker and Church bagged 20 to 30 handguns and sold them to Defendant for $1,500. Decker also reported that Defendant is a member of the Blood's street gang; however, he was not an active member at that time.

On June 21, 2015, Decker and Defendant were housed in the same unit in the Chemung County Jail. Defendant indicated that he had a copy of Decker's proffer paperwork, which demonstrated that Decker was cooperating with the government. Defendant made these statements aloud in front of other inmates. Consequently, Decker stated that he was pressured into writing a note on June 21, 2015 (received as Exhibit 3), which stated that federal authorities coerced him into providing untrue statements about Defendant to get a reduced sentence. Decker gave Defendant the note when authorities moved him to general population on June 22, 2015. Word spread in the jail that Decker was a "rat" and, as a result, other inmates severely assaulted him and injured his left eye, which led to the removal of some bones. Decker indicated that he was afraid of Defendant based on his gang affiliation, his previous attempted murder charge, and the threats he made toward Decker and his family.

On July 14, 2015, Decker testified before the United States Grand Jury (Exhibit 2). He stated that, between 2013 and 2014, he sold heroin that he received from Defendant. He also testified about how he and Church stole guns from Scott's Gun Store and sold some of those guns

to Defendant. Decker further testified that when he stopped selling heroin in 2014, he owed Defendant approximately $6,000, which he never repaid. As a result of this outstanding debt, Defendant threatened Decker and his family and informed him of his attempted murder charge. Decker was scared and ceased further contact with Defendant. At the April 24, 2018 sentencing hearing, Decker testified that this Grand Jury testimony was truthful.

When Decker arrived at the Courthouse to testify for the sentencing hearing, authorities placed him in a holding cell next to Defendant. Just before the hearing, Defendant asked Decker not to send him away for the rest of his life, and Decker testified that he told Defendant what he believed he wanted to hear. Specifically, Decker testified that he told Defendant he would not implicate him, and that he only told Defendant this because he was scared.

Defendant also testified at the sentencing hearing and admitted that Decker bought heroin from him and sold it for him. He testified that, while he and Decker were in Chemung County Jail, Decker indicated that federal authorities coerced him into providing a statement, and that he would write a letter indicating that Defendant was in the Special Housing Unit for fighting with another inmate. Defendant denied threatening Decker and having access to the proffer notes. During cross-examination, Defendant admitting selling heroin, however, he minimized the amount he sold and claimed that he sold Decker 35 bundles at most, and not 70 to 100 bundles as Decker claimed.

During the hearing, it was very apparent to the Court that Decker was scared of Defendant. Decker avoided eye contact with Defendant, and his fear of Defendant is corroborated by Defendant's threats and assertions that he was charged with attempted murder and in the SHU for fighting. Moreover, Decker was rightfully concerned that others deemed him a "rat," as other

inmates severely assaulted him after Defendant announced that Decker was cooperating with the government.

Defendant's hearing testimony was not credible. Although he admitted that he was a heroin dealer and that Decker sold heroin for him, he attempted to minimize the amount of heroin that Decker sold on his behalf to influence the calculation of his sentencing guidelines.

## **CONCLUSION**

The Court makes the findings of fact set forth above based on the April 24, 2018 sentencing hearing.

IT IS SO ORDERED.

Dated: April 30, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court