IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                    15-CR-6102-FPG

MELVIN FRAZIER,

          Defendant.

## REVISED STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Fourth Revised Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about May 4, 2018. The government has no objections to the findings in the PSR filed on May 4, 2018 and adopts the report in its entirety.

On February 24, 2016, the defendant entered a plea of guilty to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Conspiracy to Distribute 100 Grams or More of Heroin). Based upon the plea, Mr. Frazier faces a mandatory minimum sentence of (five) 5 years imprisonment and a maximum possible sentence of forty (40) years imprisonment, a maximum fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of four (4) years and up to life.

### Enhancements for Conduct Previously Known to Government

In the plea agreement, the parties agreed that the defendant was a career offender, and as a result, the recommended guideline range was a term of imprisonment of 188-235 months.

In fact, the parties agreed specifically to an 11(c)(1)(C) provision in the plea for a sentencing range of 188-235 months. The belief that the defendant was a career offender was based on two prior convictions:

1) Attempted Murder in the Second Degree in violation of NYS Penal Sections 110/125.25; and

2) Criminal Possession of a Weapon in the Second Degree in violation of NYS Penal Law Section 265.03 (2).

Subsequent to plea of guilty, the government was advised that Possession of a Weapon in the Second Degree under Section 265.03(2) of New York State Penal Law is *not* considered a crime of violence for purposes of determining a defendant's status as a career offender. The government reviewed the issue and agrees the conviction does not constitute a crime of violence. Therefore, the defendant is not a career offender and his base offense level is not 34 as was calculated in the plea agreement. Based on the defendant's prior convictions in the PSR, the defendant's criminal history is **VI**.

The plea agreement calculated the defendant's relevant conduct related to drug distribution to be between 100 and 400 grams of heroin. The PSR has calculated the defendant's relevant conduct to be approximately 828.80 grams of heroin based on the paperwork provided by the government including the grand jury transcript of a cooperating witness and law enforcement reports that support the witness's information. The PSR also included a two-level increase for possession of a dangerous weapon (firearm) pursuant to USSG 2B1.1(b)(1) and a role enhancement pursuant to USSG 3B1.1(c). The government

agrees with Probation's drug calculation in the PSR, the two-level increase for possession of a dangerous weapon and the two-level increase for his role in the offense.

The government notes that the drug amount stated in the plea is less than the amount in the PSR and also acknowledges that the two-level enhancements for the firearm and the role adjustment were not included the plea. As the parties were convinced the defendant was a career offender at the time the plea was taken, determining the precise drug amount to be included in the relevant conduct and adding the appropriate specific offense characteristics were unnecessary as the ultimate sentencing range (188-235) would not be affected in any way. The parties both voluntarily entered into the plea agreement and agreed that the appropriate range was 188-235 months imprisonment. Even with these role enhancements, the guideline range in the PSR based on these calculations was less than the sentencing guidelines range set forth in the plea agreement. Therefore, the government submits that United States v. Lawlor is not implicated in this matter related to those specific enhancements and accordingly requested a sentence of **188 months** at the original sentencing and in previous filings.

The plea agreement also contained a cooperation provision that stated should the defendant provide substantial assistance to the government, the government would move under Section 5K1.1 to reduce his sentence. At this time, the defendant has not provided substantial assistance and the government will *not* be filing a 5K1.1 motion. Defense counsel has been previously notified of the government's intention not to file such motion.

**Information Unknown to the Government at the Time of the Plea Agreement**

Paragraph 15(d) of the plea agreement specifically states, "the government reserved the right to modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor".

On April 24, 2018, after the entry of the plea, the defendant testified at a sentencing hearing and submitted a letter from the government's cooperating witness stating the defendant did not engage in the unlawful conduct he pled guilty to.  The government's witness testified at the hearing that the defendant and his associates threatened the witness while in jail and intimidated him into drafting the letter.  The witness confirmed that the testimony he provided in the grand jury against the defendant was truthful and accurate.  Based on this conduct, the government agrees with probation that the two-level enhancement pursuant to USSG 3C1.1 should apply for obstruction of justice.

The defendant's testimony at the hearing on April 24, 2018, was deemed by the Court not to be credible. The Court further found that the defendant did threaten and intimidate the witness in this case in order to obtain the exculpatory letter that he submitted to the Court for review.  Based on the defendant's false testimony at the sentencing hearing and his intimidation of a government witness, the government agrees that he has not accepted responsibility for his actions and agrees with the recommendation of probation that the

reduction for acceptance of responsibility is not warranted. This position is based solely on new information brought to the government's attention after the plea agreement, during the sentencing proceedings.

Accordingly, the government agrees with probation that the appropriate sentencing guidelines range is now **262-327** months. The government is requesting a sentence within that guidelines range based on the defendant's post-plea conduct.

The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. §3013 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>    Asset Forfeiture/Financial Litigation Unit
>    U.S. Attorney's Office--WDNY
>    138 Delaware Avenue
>    Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:   May 8, 2018

                                      Respectfully submitted,

                                      JAMES P. KENNEDY, JR.
                                      UNITED STATES ATTORNEY
                                      Western District of New York


By:   s/Melissa M. Marangola
      Melissa M. Marangola
      Assistant U.S. Attorney
      United States Attorney's Office
      100 State Street, Room 500
      Rochester, New York 14614
      585-399-3925


TO:   Hon. Frank P. Geraci, Jr.
       Bryan Oathout, Esq.
       Jennifer Fish, USPO (via hand delivery)